Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT   RECEIVED

for the

Western District of Tennessee

JACKSON Division

AUG 1 9 2024

**Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis**

JAMES MOSES

Case No.

*(to be filled in by the Clerk's Office)*

_____

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

WARDEN SEXTON,UNIT MANGER
FUTRELL, COUNSELOR SHELTON,CORECIVIC
HEALTHCARE PROVIDERS,T.D.O.C.HEALTHCARE

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR A CIVIL CASE

I.   **The Parties to This Complaint**

A.   **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

| | |
|---|---|
| Name | JAMES MOSES # 256391 |
| Street Address | 140 MACON WAY |
| City and County | HARTSVILLE , TROUSDALE CO. |
| State and Zip Code | TN. 37074 |
| Telephone Number | |
| E-mail Address | |

B.   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Warden Sexton |
| Job or Title *(if known)* | Warden |
| Street Address | 2520 Union Springs Rd. |
| City and County | Hardeman Co.   Whiteville |
| State and Zip Code | Tn.    38075 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Counselor Shelton |
| Job or Title *(if known)* | |
| Street Address | 2520 Union Springs rd. |
| City and County | Hardeman Co.   Whiteville |
| State and Zip Code | Tn.   38075 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Unit Manager Futrell |
| Job or Title *(if known)* | |
| Street Address | 140 Macon way |
| City and County | Hartsville   Trousdale |
| State and Zip Code | Tn.  37074 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | CoreCivic Medical Staff(Hardeman) |
| Job or Title *(if known)* | Nurses,Practiciers,Dr's |
| Street Address | 2520 Union Springs Rd. |
| City and County | Hardeman Co.   Whiteville |
| State and Zip Code | Tn. 38075 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*# 256391*

Date of signing:        *8 - 13 - 24*

Signature of Plaintiff      *James Moses*
Printed Name of Plaintiff    *James Moses*

### B.     For Attorneys

Date of signing:        _____

Signature of Attorney      _____
Printed Name of Attorney    _____
Bar Number          _____
Name of Law Firm       _____
Street Address        _____
State and Zip Code       _____
Telephone Number       _____
E-mail Address        _____

## UNITED STATES WESTERN DISTRICT COURT OF TENNESSEE
## AT JACKSON

| | |
|---|---|
| **JAMES MOSES, # 256391**<br>　　Pro se;　Plaintiff, | ) |
| | ) |
| | ) |
| **v.** | **Docket/ Complaint No**_____ |
| | ) |
| | )　**Jury Trial Demand　{yes}** |
| | ) |
| | ) |
| **CORECIVIC　WARDEN SEXTON,** | ) |
| **UNIT TEAM MEMBERS FUTRELL AND** | ) |
| **COUNSELOR SHELTON** | ) |
| **CORRECTIONAL HEALTHCARE** | ) |
| **COMPANIES, TENNESSEE DEPT. OF** | ) |
| **CORRECTIONS, CORECIVIC MEDICAL** | ) |
| **STAFF,** | |
| 　　**DEFENDANTS.** | |

## CAUSE OF ACTION / STATEMENT OF THE FACTS

Comes now the Plaintiff, and respectfully moves before this Honorable Court against the

Defendants, and respectfully submits the following in support of this Cause of Action, with Statements

of Facts:　　　　　　　## JURISDICTION AND VENUE

That this Honorable Court has jurisdiction over this action, which matters of controversy arise

under 42 U.S.C. Section 1983.

Venue properly lies in this District pursuant to 42 U.S.C., Section 1983 because the events

giving rise to this cause of action occurred at Hardeman Co. Corr. Facility.

## PARTIES

Plaintiff　Moses was at all times relevant hereto, a prisoner in the custody of the State Of

Tennessee Department of Corrections (TDOC)/CoreCivic(CCA) at all times relevant hereto, and

Plaintiff was incarcerated at Hardeman Co. Corr. Facility, located in the Western　District Jurisdiction.

**1.**

The Defendants listed above who was at all times relevant hereto, worked at H.H.C.F.

## PREVIOUS LAWSUITES BY PLAINTIFF'S

There are no previous lawsuits ever filed by this plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

As of this date , grievances were filed at Hardeman Co. Corr.Facility and filed with TDOC in Nashville Rachael Jackson Bldg., with no responses.

Plaintiff respectfully moves before this Honorable Court and herein respectfully submits the following in support of this Complaint:

## STATEMENT OF THE FACTS

That the aforementioned allegations by the Plaintiff are not fatally flawed and relys on the Security Footage Video on the date of February 14th, 2024 at approximately _____Hrs. ,which is being presented by the Plaintiff, and at this time the Plaintiff submits all of the alleged material facts that are being presented.

Plaintiff respectfully submits That on February 14, 2024, he was moved from Bldg. I. To Bldg. H.D. And was placed on a top bunk, when the plaintiff has a bottom-bunk/ bottom-teir medical A.V.O. For bottom bunk placement,therefore being denied adequate medical assistance and or denied his medical status placement that he was supposed to be medically assigned to, which was a violation of his right to have his medical A.V.O. for bottom bunk/ bottom tier status in place,which he was denied.

Plaintiff respectfully submits that on the above listed time and date, he suffered emotional and mental stress related injuries, such as dizziness, migraine headaches and a rise in his level of blood pressure .

Plaintiff respectfully submits that as he went to medical, the defendants owed the plaintiff a "duty of reasonable care", and owed plaintiff a reasonable care to protect this plaintiff from

**2.**

communicable risk of injury due to a lack of adequate medical assistance, as prisoners have a diminished ability to protect themselves, *See Sanchez v. state of New York, 99 N.Y. 2D 247, 252, 784 N. E. 2d 621 (N.Y. 2002).*

Plaintiff respectfully submits that the "Breach of Duty" resulted in damages, exposed from substantial and readily apparent risk, where injuries occurred in plaintiffs health and safety, due to failure of the Unit Team  to adhere to the medical A.V.O. for bottom bunk/bottom tier status which from a "willful deliberate indifference" to the plaintiff's health, safety and well being, *See Mingus v. Butler, 591 F. 3d 474,, 479-80 (6th. Cir. 2010).*

Plaintiff respectfully submits that the defendants owed the plaintiff a reasonable duty of care to provide adequate medical care and the breach of  duty which was a proximate result of a "failure to adhere to medical A.V.O. bottom bunk/bottom tier status", and the moving party did in fact draw the inference, and then disregarded the risk of failing to provide and or adhere to medical status or provide adequate medical assistance,which has caused from the date and time listed, further and future ramifications of a declining health and constant pain from time to time.

Plaintiff respectfully submits CoreCivic executive have deliberately operated its Hardeman Co. facility under unsafe, unsanitary conditions, while being poorly under staffed, leading to immediate and on-going problems with inmate  safety and security breaches, along with failing to provide adequate medical care/assistance, with implemented policies and rules to avoid and or hinder the full services of medical treatment to inmates as a cost-cutter program plan, thus denying inmates at Hardeman Co. Corr.Facility. the full, adequate and duty of care that the CoreCivic Mission state provides, and the defendants were direct employees of the medical staff operating at the alleged time and date of civil rights violations claims now presented.

Plaintiff respectfully submits he has bared the burden of showing that the defendants conduct violated a right so clearly established that a reasonable *{240 F.Supp. 2D 630}* official would

3.

have clearly understood that he or she was under affirmative duty to refrain from such conduct, see *Rich v. City of Mayfield Heights, 955 F. 2d 1092, 1095 (6th.Cir. 2002),* and that the defendants are not entitled to qualified immunity, *Sheets v. Mullins, 287 F. 3d 581, 586 (6th.Cir.2002).*

Plaintiff respectfully submits that when a state takes a person into custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume responsibility of his safety and general well-being, Id. At 199-200. Thus, the states failure to act in these certain circumstances has violated this plaintiff's substantive due process right's.

That the plaintiff respectfully submits that the alleged facts submitted are not disputable and that Summary Judgment in favor of the plaintiff would be just and proper.

## COUNT ONE

**EIGHT AMENDMENT VIOLATIONS:**

Plaintiff respectfully submits that evidence will be presented, demonstrated and litigated to support a claim of Eigth Amendment rights violations, of Breach of Duty and Deliberate Indifference and failure to adhere to Medical Orders when the defendants allowed and or placed this plaintiff on the top bunk and the Eight Amendment protects against sufficiently imminent dangers as well as allowing current unnecessary and wanton infliction of pain and suffering, and the plaintiff submits both direct and circumstantial evidence that was allowed to continue, and there is enough evidence presented to create certainty that the defendants was deliberately indifferent to this plaintiff's safety and well being.

Again, plaintiff respectfully submits that he will present a facially plausible claim, and that Plaintiff respectfully submits that the H.H.C.C. Staff meant to act against this plaintiff in some way, and the defendants aFacilityd unlawfully with an intentional "willful disregard" for plaintiff's safety and well-being, although the damages/injuries in question may have been unintentional, the original act or acts that were allowed to lead to the damages/injuries, di minimus, were intentional and meant to allow harm/hurt this plaintiff.                                3.

## COUNT TWO

**BREACH OF DUTY:**

That the Defendants   exercised a Breach Of Duty to the Plaintiff's safety by failing to take the necessary precautions and or failing to immediately protect or prevent this plaintiff from being placed on the top bunk against Medical Orders and from further suffering from extreme emotional, mental and physical distress, for fear of life, limb, bodily injury or death. therefore, violating Plaintiff's  Eight Amendment Right to be Protected   from injuries from being on the top bunk..

Plaintiff  respectfully moves before this Honorable Court with this  Complaint  that on February 14,2024,    the listed defendants  allowed this plaintiff to be placed/housed on a top bunk, when in fact he has medical orders to be placed on the bottom bunk, bottom tier status, and a Breach of Duty occurred   when they did not do their rightful duty to protect plaintiff from the paranoia of being on a top bunk., and herein respectfully submits that these actions and behaviors  while the defendants were acting under authority acting under color of state law, to violate this Plaintiff's Eight Amendment right to be free from hurt,harm or danger, by failing to exercise {or use} reasonable care in allowing the continuance placing this plaintiff on a top bunk cell location status, failing to exercise the standard of care that reasonably prudent person would have exercised in a similar situation, constituting **Negligence**  when any conduct that falls below the legal standard established to protect others against unreasonable risk of harm, conduct that intentional, wanton, or willfully disregardful of others, meaning this Plaintiff, violating Plaintiff's  Civil and Constitutional rights to be free from volatile acts against him and others at Hardeman Co. Corr.Facility.

4.

## COUNT THREE

**Deliberate Indifference:**

Submitting that the defendants did not do their rightful duty to protect this plaintiff by disregarding written orders from medical staff, constituting deliberate indifference, meaning actions or inaction's that were worse than negligence (carelessness) and were so bad they violated the Eight Amendment's ban on cruel and unusual punishment, and the defendant's are liable for the continual under-staffing, which creates hostile environments, inadequate medical assistance and a right to receive adequate medical assistance, failing to see to it that this plaintiff received a bottom bunk per his medical status, further submitting that Under the Eight Amendment, prison officials, such as the defendants, cannot allow or purposely place someone on the wrong bunk, which actions caused plaintiff to be in a "Substantial risk of serious harm" due to his medical condition, which was meant to cruelly hurt the plaintiff with no valid reason under the *Farmer v. Brennan standard*, which the lack of effort by the defendants was not a good-faith-effort to see that this plaintiff was placed on the right bunk status, but rather was a "maliciously and sadistically" attempt to allow the hurt, harm or danger from being placed on the top bunk..

Defendants owed Plaintiff a duty of reasonable care not to place the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state created danger exception)." Patel v. Kent Sch. Dist, 648 F.3d 965, 971-72 (9th Cir. 2001) (citations omitted). The breach of duty resulted in damages and injuries and Plaintiff respectfully asserts that he was exposed to a substantial and readily apparent risk, and were injured in his health by being placed on the top bunk.. Defendants officials aFacilityd with "deliberate indifference' to [the prisoner's] health or safety." *See, e.g.,* Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010), at which time. The breach of duty approximately caused emotional, mental and distressful damages and injuries to the plaintiff.

**5.**

Defendants subjectively perceived facts from which to infer substantial risk to the prisoner, that defendants did in fact draw the inference, and then disregarded that risk." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

Defendant Warden Sexton was grossly negligent in supervising subordinates who breached their duty to protect, and to provide adequate medical assistance and defendants exhibited deliberate indifference to the rights of this plaintiff by failing to act on information indicating unconstitutional acts were occurring.

Plaintiff respectfully submits that Under the Fourteenth Amendment to the United States Constitution, Plaintiff had a fundamental right to liberty, which includes the right to be free from unnecessary willful pain and suffering, that resulted in being placed on the top bunk. The unprovoked willful disregard for medical ORDERS by the Defendants failure to carry out municipal policies to convert and or change inmate sleeping locations while being housed under duress and because the defendants violated Plaintiff's substantive due process rights the disregard for medical ORDERS violated palintiff's rights guaranteed by the Fourteenth Amendment to the United States Constitution, and Eighth Amendment prohibition against cruel and unusual punishment, and the violations of Plaintiff's substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by Defendants who were/are employed by CoreCivic Inc., and working at HHCF, thereat acting under color of state law , and by Defendant Sexton as Warden at HHCF, and his failure to properly supervise, train and/or control his correctional officers.

The actions of the individual correctional officers, including Defendants proximately caused Plaintiff's physical injuries, trauma, emotional distress, pain and suffering. These injuries were allowed to be inflicted callously and negligently and caused harm, and were inflicted with a deliberate indifference to and disregard for Plaintiffs rights secured by the Fourteenth Amendment and 42 U.S.C. § 1983.Plaintiff's physical injuries, emotional distress, anxiety, fear and pain and suffering were

proximately caused by the pattern and practice of Defendants failure to prevent, breach of duty and deliberate indifference on the listed date and times while working at CoreCivic and Warden Sexton for failing to properly supervise, train and/or control correctional officers at the Hardeman Co. Correctional Facility in violation of the Eighth Amendment to the United States Constitution and/or clearly established law.   Defendants CoreCivic and Warden Sexton's pattern and practice of failing to properly supervise, train and/or control its correctional officers and employees in the use of preventing the further occurrence of subjecting inmates to being placed on the wrong bunk status by failing to execute policy or procedure and/or by failing to take counter measures to prevent unconstitutional acts, attributed to the facility under-staffing and its structural design that constitute the claim of deliberate indifference to plaintiff's safety and well being in violation of plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.   The Complaint names CoreCivic as a Defendant to this action. CoreCivic is the private corrections management firm that operates HHCC. Because it performs a traditional state function in operating a state prison, CoreCivic acts under color of state law. Street v. Corr. of Am., 102 F. 3d 810, 814 (6th Cir. 1996) (see also Mason v. Doe, No. 3:12 CV – P794-H, 2013 WL 4500107, at * 1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be held liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). CoreCivic had a duty to train Defendants on how to safely house and protect inmates at Hardeman Co.and  CoreCivic had a duty to train the subordinate correctional officers on how to safely house inmates and because CoreCivic failed in its duty to design a facility better equipped to prevent these behaviors, it failed in its duty to train from the totality of the circumstances. Defendants acts and omissions created unconstitutional conditions of confinement in which plaintiff's were exposed to hurt, harm, danger or death.

The failure to allow  Plaintiff's well being is part of a pattern and practice of excessive failure to meet required staffing levels, and security measures at Hardeman Co. and  by agents of CoreCivic. The

occurrence of these incidents, which are known by the Defendants and sanctioned by Defendant Warden Sexton who knew or should have known his difficulty in maintaining the housing of inmates safety, which resulted from the policies put in place by TDOC, and the City and County municipality in compact/contract with CoreCivic, sanctioned by Defendant Warden Sexton wherein he failed to properly train and supervise his correctional officers.

Plaintiff Moses alleges that he was exposed to a substantial and readily apparent risk by being placed on the top bunk, and that he suffered physical and emotional harm as a result of CoreCivic Medical staff's failure to administer adequate protection from hurt, harm, danger or death, which caused mental anguish, emotional harm, and physical pain, attributed to Policy and procedures to deny protection to inmates housed at Hardeman Co. ; i.e. rather than making decisions based on medical judgment, the decision is based on costs, in a way that prevents adequate protection, sanctioned and ratified by warden sexton during the alleged date and time of the behavior and is still on-going to this day, Contending where statutes or prison policy statements have limited prison officials' discretion by imposing a specific prerequisite to the forfeiture of benefits or favorable living conditions enjoyed by a prison, an expectation or entitlement has been created which cannot be taken away without affording the prisoner certain due process rights.

**See requested video security footage of the time and date listed before, during and after the assault.**

### LEGAL STANDARD FOR REVIEW

That Plaintiff's claims are supported with "sufficient factual matters and has clearly and convincingly stated claims for relief that are plausible on its face", such that these claims will survive a Motion to Dismiss under Federal Rules of Civil Procedure 12 (b) (6) citing *Hill v. Lappin, 630 F.3d 468 470-71 (6th. Cir. 2010) (quoting Ashcroft v. Iqbal 556 U.S. 662, 678 (2009).*

8.

That these claims presented has facial plausibility pleaded with factual content that allows this Honorable Court to draw the reasonable inference that the defendants listed are liable for the misconduct that occurred.

That the Plaintiff has shown and demonstrated the two elements of Section 1983 claim (1) that a deprivation of rights secured by the United States or laws of the United States occurred and

(2) that a deprivation was caused by a person or persons acting under color of state law.

That a quantum of injury was sustained during the violations of Breach of Duty, Delibrate Indifference, Failure to Protect, which the Mission Statement of CoreCivic Staff, clearly was not followed or not applied in a good-faith effort because a willful attempt to maliciously and sadistically allow harm to this plaintiff continued.

That the plaintiff has stated and submitted a plausible claim that the defendant's did in fact allow the infliction of an objectively serious level of pain by placing him on the top bunk, which was a willful attempt meant to maliciously and sadistically cause hurt and harm to the plaintiff.

That the defendant failed to act to prevent the further behavior by placing this plaintiff on the top bunk and is liable because (1) the defendants observed or had reason to know that the behavior of avoiding medical ORDERS was taking place, and (2) the defendant had both opportunity and the means to prevent the harm from further occurring, citing *Turner v. Scott 119 F.3d 425, 429 (6th.Cir.1997) and Anderson v. Branen, 17 F.3d 552 (2nd Cir. 1994), Submitting* That the defendants are in fact liable for failure to protect or prevent the further actions and violations by placing this plaintiff on the top bunk against all health concerns. and therefore the defendants owed this Plaintiff a duty of protection and is therefor liable for plaintiff's injuries.

That CoreCivic Warden Sexton, as overseer, due to a lack of adequate training and or the lack of upgrading CoreCivic's training manual should be held liable under Section 1983 once discovery

**9.**

reveals that a specific corporate policy or custom caused the harm complained of by this plaintiff.

That the claims, harm's and injuries resulted from the execution of an overarching policy or custom, and plaintiff has submitted a "genuine issue of material facts: facts which if allowed to be presented at trial would lead to a reasonable jury to return a Summary Judgment verdict for the plaintiff, on the merits of the claims,   and the evidence presented of mental and emotional anguish from the fear of hurt, harm or danger, with substantiated presentments of  being placed in unsafe cell-locations filed through the proper channels and documented on file at Hardeman Co. , **See attached grievances**-(submitted) .

That plaintiff respectfully submits that he is entitled to request a Jury by Demand on the basis of significant probative evidence presented to support his complaints, which are not mere conclusory speculations or unsubstantiated assertions, but is sufficient  affirmative evidence  to defeat a non-supported motion for summary judgment by the defendants.

Plaintiff respectfully submits that  these claims now before this Honorable Court should be allowed to proceed.

**A. Exhaustion of Administrative Remedies**

That the Plaintiff did exhaust all available administrative remedies making the attempts of going through the complete round and or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement, and also filing a 501(c) incident report, though being hindered by no-returns/answers to grievance or appeal procedures, facing the limited grievance avenues, and has with the best of his knowledge and ability and resources tried to comply with all the grievance procedures, rules and PLRA procedures and Rules of Civil Procedure, while attempting to rebut and offer testimonial evidence that grievance were filed and returned stemming from complaints of  Failure to Protect , Breach of duty,Deliberate Indifference and Denial Of medical assistance, to *hold CoreCivic officials accountable for their actions and behaviors* (**See attached copies of grievance**

**10.**

submitted), **AND HEREIN** the Plaintiff has complied with all rules of this Honorable Court to the best of his ability and knowledge, filed within the time periods provided by those rules, and deems the alleged facts non-disputable by each attempted denial by the defendants.

That the Plaintiff respectfully submits that he has submitted exhibits of documents,that have been submitted for the purpose of demonstrating and showing that this Plaintiff had filed Grievances and made every attempt to exhaust his administrative remedies in an unjust grievance system that makes unreasonable decisions when grievances are filed, and now continues to display the untruthfulness of the character of the Hardeman Co. staff and grievance system when attempting to distort the truth of complaints against co-workers, as documented already in Federal Court.

Plaintiff respectfully submits that Defendant's did owe this Plaintiff a duty of protection, especially when they *"observed or had reason to know that the plaintiff was being placed and kept on the wrong bunk status, in violation of medical A.V.O. (Avoid Verbal Orders) were being carried out and defendant "had both opportunity and the means to prevent the behavior from further occurring,* at which time the Plaintiff requested the affirmative evidence of the Security Footage video of the listed date and times, before, during and after the bed placement from I To H. Bldg. to refute anyone from saying their not liable.

That the Plaintiff has made a substantial "Prima Facie" showing that over the course of time since being at Hardeman Co. , has witnessed other similar situations while at Hardeman Co. ,but never thought that it would happen to him, which substantiates a continuous pattern of being understaffed, clearly being demonstrated and was displayed against this Plaintiff during the attacks, which have been documented, filed and submitted to this Honorable Court, solidifying the need for a special investigator to investigate actions that continue to occur at Hardeman Co.Corr.Facility.

**11.**

## SUMMARY JUDGMENT

The Plaintiff respectfully moves before this Honorable Court and herein respectfully submits the following in support of this Request for Jury trial and or Summary Judgment :

That the aforementioned submitted by the Plaintiff is not fatally flawed and relies on the citation of the record (documentation/security video footage), which at this present time the Plaintiff has submitted all submissions of the material facts needed to constitute U.S.C.A. 1983 Civil Rights violations..

Plaintiff respectfully submits that Discovery will reveal that the record and or the (security Footage Video) now before the U.S. Middle District Court clerks office will provide proof that the plaintiff has made an attempt to request security camera video (before the possibility of the deletion of the video footage) of the Eight Amendment violations that were allowed to occur on the date and time of February 14th, 2024, at which time the log books will confirm the cell and bed location movement stemming from Eight Amendment violations that occurred, along with the log books of cell location changes/movements To the Infirmary, of which security camera video footage confirming the Eight Amendment Civil Rights violations of Breach Of Duty, Failure to Protect, Deliberate Indifference that occurred, due to the inadequate training.

Wherefore, for the above submitted reasons, the Plaintiff respectfully request this Honorable Court to **GRANT** a Trial by Demand and or Summary Judgment in the plaintiff's favor as deemed just and proper and or submit a Scheduling Order for Mediation or Jury trial of the submitted claims against the defendant for allowing the Eight Amendment violation that occurred, for failure to Protect, failure to prevent, Breach of Duty, Deliberate Indifference that occurred, holding that defendants was / is liable for the undisputed material facts and claims presented against the defendants.

**12**

Again, plaintiff respectfully submits that he has stated a facially plausible claim, and that defendants did allow the civil rights violations to continue and should have done something, and grievances were filed about the events that occurred in February of 2024, and the grievances were returned as non-grievable and appeal responses were not returned *due to a failing below level, inadequate, dishonest, unconcerned for the complaints of Institutional violations that daily occur at Hardeman Co.* , **See attached grievance claim, already** documented at Hardeman Co./**TDOC Records**

## PLAINTIFF'S REQUESTED RECOMMENDATION

Plaintiff respectfully request these requested Judgments be ***GRANTED*** and *Awarded* as deemed just and proper and or submit a Scheduling Order for Mediation or Jury trial of the submitted claims against the defendants Civil Rights Eight Amendment violations that occurred, for Failure to Protect, Failure to prevent, Breach of Duty, Deliberate Indifference that occurred, holding that defendants was/ is liable for the undisputed material facts and claims presented against them.

Wherefore, for the submitted reasons and claims of 1983 Civil rights violations presented, this Plaintiff respectfully request that this Honorable Court **GRANT a ORDER** and or **Ruling** that the Defendants are liable for the claims presented now before this Court, and **GRANT** *Summary Judgment of Injunctive, Declaratory, compensatory and or punitive relief* not less than ($300,000) three hundred thousand in favor of this Plaintiff as this Honorable Court deems just, fair and proper. Respectfully Submitted,

*James Moses*

James Moses # 256391

**13.**

## PROOF OF SERVICE

I herein under penalty of perjury do certify that a true and exact copy of this 1983 Civil

Rights Complaint, Cause of Action/Statement of the Facts has been mailed postage pre-paid to the

defendants at Hardeman Co. 2520 Union Springs Rd. Whiteville Tn. 38075 and to the office of

U.S.Western District Court Clerk at Supreme Court Bldg. PO Box 909 Jackson Tn. 38302-0909 on

this 13 day of Aug, 2024.

Respectfully Submitted,

James Moss Jr

James Moses # 256391
Trousdale Turner
140 Macon Way
Hartsville Tn. 37074

\

**14.**